AO 440 (Rev. 02 09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Southern District of New York

| | |
|---|---|
| THOMAS MARASCIULLO | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| CASH MONEY RECORDS, a Louisiana corporation; | ) |
| et al. | ) |
| _____ | ) |
| *Defendant* | ) |

# 09 CV 9090

Civil Action No.

## Judge Pauley

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  See Attached Rider

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Rickey Ivie, Esq.
Sacha A. Comrie, Esq.
Comrie & Associates, PLLC
115 Pacific Street, Ground Fl.
Brooklyn, New York 11201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

*CLERK OF COURT*

Date:   **OCT 3 0 2009**

*Signature of Clerk or Deputy Clerk*

## RIDER

**PLAINTIFF:**

THOMAS MARASCIULLO
Resident of Hernando County, State of Florida
c/o Rickey Ivie, Esq.
Sacha A. Comrie, Esq.
115 Pacific Street, Ground Fl.
Brooklyn, New York 11201

**DEFENDANTS:**

CASH MONEY RECORDS, INC.
BRYAN WILLIAMS p/k/a "Birdman"
DWAYNE CARTER p/k/a "Lil' Wayne"
c/o Brad D. Rose, Esquire
Pryor, Cashman, Sherman & Flynn
410 Park Avenue
New York, New York 10022

UNIVERSAL MUSIC GROUP, INC.
UNIVERSAL RECORDS, INC.
UNIVERSAL MOTOWN REPUBLIC GROUP, INC.
UNIVERSAL MUSIC DISTRIBUTION SERVICES, INC.
c/o CT Corporation Systems
111 Eighth Avenue
New York, New York 10011

APPLE COMPUTER, INC.
c/o CT Corporation Systems
111 Eighth Avenue
New York, New York 10011

REALNETWORKS, INC.
c/o CT Corporation Systems
111 Eighth Avenue
New York, New York 10011

YAHOO!, INC.
c/o CT Corporation Systems
111 Eighth Avenue
New York, New York 10011

Rickey Ivie, Esq., (SBN #76864)
Email: rivie@imwlaw.com
IVIE, McNEILL & WYATT
444 S. Flower Street, Ste. 1800
Los Angeles, CA 90071
Tel: (213) 489-0028 Fax: (213) 489-0552

Sacha A. Comrie, Esq. (SC 3858)
Email: scomrie@comrielawassociates.com
COMRIE & ASSOCIATES, PLLC
115 Pacific Street, Ground Fl.
Brooklyn, NY 11201
Tel: (718) 855-0055 Fax: (866) 802-1626

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS MARASCIULLO,<br><br>Plaintiff,<br><br>vs.<br><br>CASH MONEY RECORDS, a Louisiana corporation; BRYAN WILLIAMS, p/k/a "Birdman", an individual; DWAYNE CARTER, p/k/a "Lil' Wayne", an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; UNIVERSAL RECORDS, a division of UMG Recordings, Inc.; UNIVERSAL MOTOWN REPUBLIC GROUP, INC., a division of Universal Music Group, Inc.; UNIVERSAL MUSIC DISTRIBUTION SERVICES, INC., a California corporation; APPLE COMPUTER, INC., a California corporation; REALNETWORKS, INC., a Washington corporation; and YAHOO!, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT |

1

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

Plaintiff THOMAS MARASCIULLO, ("Marasciullo" or "Plaintiff") by his undersigned counsel, brings this action for damages and permanent injunctive relief based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. section 101, *et seq.* ("the Copyright Act"), and under New York law.

## **PARTIES**

1. Plaintiff Thomas Marasciullo was at all relevant times, an individual and resident of Hernando County, state of Florida.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant Cash Money Records, Inc. ("CMR") is a Louisiana corporation, and that CMR is and at all relevant times, was a foreign corporation licensed to do business in the state of New York and may be served with process in care of, Brad D. Rose, Esq. Pryor, Cashman, Sherman & Flynn, 410 Park Avenue, New York, NY 10022. Plaintiff further alleges that CMR is and at all relevant times, was engaged in the commercial exploitation and distribution of the musical compositions and sound recordings identified on "Exhibit A" attached hereto.

3. Defendant Bryan Williams, personally known as "Birdman" ("Birdman") was at all relevant times, an individual and resident of the state of Florida. Plaintiff further alleges that Birdman is and at all relevant times, was engaged in the commercial exploitation and distribution of the musical compositions and sound recordings identified on "Exhibit A" attached hereto.

4. Defendant Dwayne Michael Carter, Jr. personally known as "Lil' Wayne" ("Lil' Wayne") was at all relevant times, an individual and resident of the state of Florida. Plaintiff further alleges that Lil' Wayne is and at all relevant times, was engaged in the commercial exploitation and distribution of the musical compositions and sound recordings identified on "Exhibit A" attached hereto.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Universal Music Group, Inc. ("Universal Music Group") is a Delaware corporation, and that Universal Music Group is and at all relevant times, was a foreign business corporation licensed to do

2

1 | business in the state of New York and may be served with process in care of its agent, CT

2 | Corporation System, 111 Eighth Avenue, New York, New York 10011.

3 | 6.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Universal

4 | Records, is a division of UMG Recordings, Inc. ("UMG Recordings"), a Delaware corporation

5 | and was licensed as a foreign business corporation to do business in the state of New York and

6 | may be served with process in care of its agent, CT Corporation System, 111 Eighth Avenue,

7 | New York, New York 10011.

8 | 7.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Universal

9 | Motown Republic Group, Inc. ("UMRG") is a division of Universal Music Group, Inc. a

10 | Delaware corporation, and at all relevant times, was licensed as a foreign business corporation

11 | to do business in the state of New York and may be served with process in care of its agent, CT

12 | Corporation System, 111 Eighth Avenue, New York, New York 10011.

13 | 8.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Universal

14 | Music Distribution Services, Inc. ("Universal Music") is a California corporation, and that

15 | Universal Music is and at all relevant times, was a foreign business corporation licensed to do

16 | business in the state of New York and may be served with process in care of its agent, CT

17 | Corporation System, 111 Eighth Avenue, New York, New York 10011.

18 | 9.    Plaintiff further alleges that Defendants Universal Music Group, UMG Recordings,

19 | UMRG, and Universal Music, both individually and collectively, (collectively referred to as

20 | "UMG" unless otherwise indicated) were and at all relevant times, engaged in the commercial

21 | exploitation and distribution of the musical compositions and sound recordings identified on

22 | "Exhibit A" attached hereto.

23 | 10.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,

24 | Defendant Apple Computer, Inc. ("Apple") is a California corporation, and that Apple is and at

25 | all relevant times, was licensed to do business in the state of New York and may be served

26 | with process in care of its agent, CT Corporation System, 111 Eighth Avenue, New York, New

27 | York 10011. Plaintiff further alleges that Apple is and at all relevant times, was engaged in the

28 |

3

1   distribution and commercial exploitation of the musical compositions and sound recordings for
2   digital release, including downloads, streams and ring tones as identified on "Exhibit A"
3   attached hereto.

4   11.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,
5   Defendant Realnetworks, Inc. ("Real") is a Washington corporation, and that Real is and at all
6   relevant times, was licensed to do business in the state of New York and may be served with
7   process in care of its agent, CT Corporation System, 111 Eighth Avenue, New York, New
8   York 10011. Plaintiff further alleges that Real is and at all relevant times, was engaged in the
9   distribution and commercial exploitation of the musical compositions and sound recordings for
10  digital release, including downloads, streams and ring tones as identified on "Exhibit A"
11  attached hereto.

12  12.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,
13  that Defendant Yahoo!, Inc. ("Yahoo") is a Delaware corporation, and that Yahoo is and at all
14  relevant times, was licensed to do business in the state of New York and may be served with
15  process in care of its agent, CT Corporation System, 111 Eighth Avenue, New York, New
16  York 10011. Plaintiff further alleges that Yahoo, Inc. is and at all relevant times, was engaged
17  in the distribution and commercial exploitation of the musical compositions and sound
18  recordings for digital release, including downloads, streams and ring tones as identified on
19  "Exhibit A" attached hereto.

20  13.     Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1 - 10,
21  inclusive, and therefore, sue these defendants by such fictitious names. Plaintiff will amend
22  this complaint to allege their true names and capacities when ascertained.

23  14.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,
24  each of the defendants was an agent, employee, and/or affiliate of each of the remaining
25  defendants, and in doing the things hereinafter alleged, was acting within the course and scope
26  of such agency, employment, and affiliation and with the permission and consent of their co-
27  defendants.

28

4

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

## JURISDICTION AND VENUE

15.     The jurisdiction of this Court is based upon 28 U.S.C. §§1331 and 1338(a) in that the
controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C.
§101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C.
§1338(a).

16.     Personal jurisdiction over each of the Defendants is proper in this Court, among other
reasons, on the grounds that Defendants are licensed to do business in the State of New York,
Defendants and/or Defendants' agents transact business in the State of New York, and on the
further grounds that Defendants' copyright infringement, among other wrongful conduct
alleged herein, occurred in part, in the State of New York and in this District.

17.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## GENERAL ALLEGATIONS

18.     Plaintiff Marasciullo is the copyright owner in and to the sound recordings and
compositions listed on Exhibit A attached hereto, and incorporated by this reference into this
Complaint. The recordings listed on Exhibit A are identified herein as "the Recordings."

19.     Plaintiff has complied with all the laws pertinent to the Recordings as copyrighted
works, and has applied for Certificates of Copyright Registration from the Register of
Copyrights for all of the Recordings on or about December 19, 2008. Said applications were
received January 15, 2009 by the Copyright Office and assigned Case Nos. 1-17902166 and 1-
179021630.

20.     In or around late 2006, plaintiff Marasciullo was contacted by defendant Cash Money
Records to prepare demos of certain "Italian-styled" spoken word recordings. Plaintiff wrote
and recorded several demos as requested by defendant CMR, but did not hear back from
defendant CMR on the use of these demos on any records.

21.     On or about October 31, 2006, defendants Birdman, Lil' Wayne, UMG and CMR
distributed, published and released the cd *Like Father, Like Son* without the consent of plaintiff

5

1 and without any compensation for the use of plaintiff's name, likeness and voice, and the
2 subject sound recordings.

3 22.    On or about December 11, 2007, defendants Birdman, Lil' Wayne, UMG and CMR
4 distributed, published and released the cd *Birdman 5* Stunna* without the consent of plaintiff
5 and without any compensation for the use of plaintiff's name, likeness and voice, and the
6 subject sound recordings.

7 23.    Plaintiff Marasciullo learned that the Recordings were included on the *Like Father, Like*
8 *Son* and *Birdman 5 * Stunna* cds ("Infringing Works") several months after the initial release
9 of these cds. Plaintiff's daughter tried to purchase a ring tone for the classic Aretha Franklin
10 song "Respect" but to her surprise, a recording also entitled "Respect" was her father's voice.
11 She informed her father, plaintiff, and they discovered that the tracks recorded by Plaintiff had
12 been included and distributed on the Infringing Works and were also available for digital
13 downloading as ring tones.

14 24.    In or around late 2008, Plaintiff Marasciullo contacted Bryan Williams (aka "Birdman")
15 regarding the use of the Recordings, but Birdman did not return his phone calls. Plaintiff never
16 signed any agreements or releases for the use of the Recordings or consented to the use of his
17 name, likeness and voice and did not verbally agree to the same. Plaintiff did not receive any
18 compensation for his time to record the tracks, for the use of the tracks, or the use of his
19 persona on the Infringing Works.

20 25.    Plaintiff Marasciullo sent demand letters to Defendants CMR and Universal Records on
21 November 26, 2008 and February 3, 2009, but Defendants never contacted Plaintiff for any
22 release or payment, instead, Defendant CMR retaliated and fired Plaintiff's son, Fabian
23 Marasciullo, who worked as a recording engineer on the Recordings, as well as on other CMR
24 projects.

25 26.    Defendants Birdman, Lil' Wayne, UMG and CMR have, through various agreements,
26 and without authority from Plaintiff, purported to grant licenses or otherwise authorize third
27 parties, including without limitation Defendants' Apple, Realnetworks and Yahoo, to release,
28

6

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

1  digitally reproduce, distribute, and publicly perform, Plaintiff's Recordings, through various

2  formats, including downloads, streaming and ring tones.

3  27.  Defendants Birdman, Lil' Wayne, UMG and CMR have also entered into separate

4  license agreements with other entities, including by not limited to Realnetworks and other

5  unknown third parties, whereby the Recordings are part of the Rhapsody and other unknown

6  subscription services, and end users pay a monthly subscription fee to these digital download

7  companies to allow them to download and stream as many songs as they like.

8  28.  Plaintiff is informed and believes and on that basis alleges that Defendants Birdman,

9  Lil' Wayne, UMG and CMR did not have the right to use the Recordings and no right to grant

10  any licenses to third parties permitting digital downloading, reproduction, streaming or ring

11  tones or use by subscription service companies. Further, defendants, and each of them, did not

12  have the right to grant public distribution or public performance by means of digital delivery of

13  the sound recordings embodying the copyrighted compositions.

14  29.  Plaintiff Marasciullo has not received compensation from any of the defendants

15  Birdman, Lil' Wayne, UMG, CMR, or any other third parties for any distribution, digital

16  release or downloading in any manner of the Recordings.

17  30.  Defendants Birdman, Lil' Wayne, UMG and CMR intentionally induced, encouraged,

18  promoted and enabled each such infringement by defendants' Apple, Realnetworks and Yahoo,

19  and each third party digital provider by purporting to license such digital release and

20  downloading by providing unauthorized reproductions of Plaintiff's Recordings, transmitting

21  such reproductions, or otherwise making such unlawful reproductions available to these parties

22  for use in their infringing business activities. Consequently, each is separately liable for each

23  such infringement.

24  31.  Plaintiff is informed and believes, and on that basis alleges, that Defendants Birdman,

25  Lil' Wayne, UMG and CMR have received and are continuing to receive compensation from

26  defendants Apple, Realnetworks and Yahoo and other third parties digital providers, for the

27  Infringing Works in amounts unknown but that will be proven.

28

7

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

32. Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct has infringed and continues to infringe Plaintiff's copyrights and other rights in the Recordings.

33. As a direct and proximate result of Defendants' willful and malicious conduct, Plaintiff has suffered actual damages, including lost profits, lost opportunities and publicity, loss of goodwill, attorney's fees and interest, and is entitled to damages for each infringement as available under the law.

### FIRST CAUSE OF ACTION
**(Copyright Infringement against Defendants, Bryan "Birdman" Williams , Dwayne Michael Carter, Jr. "Lil' Wayne", Cash Money Records and the UMG Defendants)**

34. Plaintiff specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 33 above, as if fully set forth.

35. As explained fully above, Defendants Birdman, Lil' Wayne, UMG and CMR, have, without authority from Plaintiff, used the Plaintiff's Recordings on the *Like Father, Like Son* and *Birdman 5 * Stunna* cds. Plaintiff wrote the lyrics and performed on the Recordings and was identified on the Infringing Works by Defendants as a guest vocalist.

36. As explained fully above, Defendants Birdman, Lil' Wayne, UMG and CMR have, without authority from Plaintiff, purported to issue licenses or otherwise authorize Defendants Apple, Realnetworks and Yahoo, and the others identified herein, to digitally reproduce, release, license, and publicly display, perform, and/or publicly distribute sound recordings embodying the Recordings through various formats, without the right or permission from Plaintiff.

37. Defendants Birdman, Lil' Wayne, UMG and CMR have, without authority from Plaintiff, reproduced and transmitted, or otherwise made available, to the Defendants and other third parties, data files containing the sound recordings embodying the copyrighted recordings, resulting in an unauthorized license, reproduction and offering of the Recordings for licensing, public distribution, performance, or public display through various digital means, including but

8

1 | not limited to digital downloads, streaming, and ring tones.

2 | 38.  Each such use by the Defendants, whether directly or through third parties, was a
3 | separate transaction and constitutes a separate infringement of the Recordings.

4 | 39.  The foregoing conduct of the Defendants Birdman, Lil' Wayne, UMG and CMR was
5 | willful and malicious and in knowing disregard of Plaintiff's rights and constitutes copyright
6 | infringement in violation of 17 U.S.C. §§106, 114 and 501, and New York Arts and Cultural
7 | Affairs Law § 31.05.

8 | 40.  As a direct and proximate result of Defendants' infringement, Plaintiff has incurred
9 | damages.  Therefore, Plaintiff requests that he be awarded actual damages and/or the profits of
10 | defendants for each infringement, plus costs, interest and attorney's fees in an amount to be
11 | determined and as available under the law.

12 | **SECOND CAUSE OF ACTION**
13 | **(Copyright Infringement against Defendants Apple, Realnetworks, Yahoo and Does 1-10)**

14 | 41.  Plaintiff specifically realleges and incorporates by reference each and every allegation
15 | contained in Paragraphs 1 through 40 above, as if fully set forth.

16 | 42.  As explained fully above, Defendants Apple, Realnetworks and Yahoo and other third
17 | party digital content providers have, without authority from Plaintiff, have stored the data files
18 | received or obtained from Birdman, Lil' Wayne, UMG and CMR, resulting in an unauthorized
19 | reproduction, and/or offered and released the Recordings for public distribution, performance,
20 | and/or public display by means of their websites, subscription agreements and otherwise, for
21 | the purpose of selling digital downloads of the Recordings.  Defendants Apple, Realnetworks,
22 | Yahoo and other third parties have offered the Recordings for digital release, including
23 | downloads, streams and ring tones.

24 | 43.  Each such use by the Defendants, whether directly or through third parties, was a
25 | separate transaction and constitutes a separate infringement of the Recordings

26 | 44.  The foregoing conduct of the Defendants Apple, Realnetworks and Yahoo and other
27 | third parties was willful and malicious and in knowing disregard of Plaintiff's rights and

28 |

9

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

1 │ constitutes copyright infringement in violation of 17 U.S.C. §§106, 114 and 501, and New

2 │ York Arts and Cultural Affairs Law § 31.05. Defendants Apple, Realnetworks and Yahoo and

3 │ other third party digital content providers entered into separate transactions with Defendants

4 │ Birdman, Lil' Wayne, UMG and CMR and others, and are separately liable for infringement

5 │ and damages with respect to each of the Copyrighted recordings.

6 │ 45.     As a direct and proximate result of Defendants' infringement, Plaintiff has incurred

7 │ damages. Therefore, Plaintiff requests that he be awarded actual damages and/or the profits of

8 │ defendants for each infringement, plus costs, interest and attorney's fees in an amount to be

9 │ determined and as available under the law.

10 │ **THIRD CAUSE OF ACTION**
**(Contributory Copyright Infringement against All Defendants)**

11 │

12 │ 46.     Plaintiff specifically realleges and incorporates by reference each and every allegation

13 │ contained in Paragraphs 1 through 45 above, as if fully set forth.

14 │ 47.     As explained fully above, an infringement of Plaintiff's copyrighted sound recordings

15 │ occurs each and every time Birdman, Lil' Wayne, UMG and CMR reproduces, stores,

16 │ transmits or otherwise makes available to Defendants Apple, Realnetworks and Yahoo and

17 │ other third parties the Plaintiff's sound recordings for downloading, streaming, ring tones and

18 │ other digital manipulation of the recordings.

19 │ 48.     Each and every one of these infringements is intentionally induced, facilitated,

20 │ encouraged and made possible by the Defendants.

21 │ 49.     Through their conduct averred in this Complaint, Defendants and each of them, have

22 │ engaged and continue to engage in the business of knowingly and systematically inducing,

23 │ causing, and materially contributing to the unauthorized reproduction, distribution and

24 │ performance of copies of the copyright recordings and thus to the infringement of Plaintiff's

25 │ recordings.

26 │ 50.     The foregoing acts of infringement have been willful, intentional and purposeful, and in

27 │ disregard of and indifference to Plaintiff's rights.

28 │

10

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

51. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights in violation of Section 106, 114 and 501 of the Copyright Act, 17 U.S.C. §§106, 114 and 501, and New York Arts and Cultural Affairs Law § 31.05.

52. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred damages. Therefore, Plaintiff requests that he be awarded actual damages and/or the profits of defendants for each infringement, plus costs, interest and attorney's fees in an amount to be determined and as available under the law.

### FOURTH CAUSE OF ACTION
### (Vicarious Copyright Infringement against All Defendants)

53. Plaintiff specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 52 above, as if fully set forth.

54. At all relevant times to this action, the Defendants, and each of them, had the right and ability to supervise and control the infringing reproduction, storing, transmission or otherwise unauthorized use of the Plaintiff's sound recordings by Defendants and other third parties for downloading, streaming, ring tones and other digital manipulation of the recordings.

55. At all times relevant to this action, Defendants and each of them, derived substantial financial benefit from the infringement of Plaintiff's copyrighted recordings without compensation to the Plaintiff and without Plaintiff's consent.

56. The foregoing acts of infringement have been willful, intentional and purposeful, and in disregard of and indifference to Plaintiff's rights.

57. Defendants' conduct constitutes vicarious infringement of Plaintiff's copyrights in violation of Section 106, 114 and 501 of the Copyright Act, 17 U.S.C. §§106, 114 and 501, and New York Arts and Cultural Affairs Law § 31.05.

58. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred damages. Therefore, Plaintiff requests that he be awarded actual damages and/or the profits of defendants for each infringement, plus costs, interest and attorney's fees in an amount to be determined and as available under the law.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

## FIFTH CAUSE OF ACTION
### (Unfair Competition against All Defendants)

59.     Plaintiff specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 58 above, as if fully set forth.

60.     Plaintiff owns commercially valuable property rights in his name, image and persona, derived through his own skill, experience and labor.

61.     Defendants, through their actions, have misappropriated Plaintiff's property rights, and the reputation and goodwill symbolized thereby, for their own commercial benefit, to the harm of Plaintiff's ability to control the commercial use of his name, image and persona in the recordings distributed by Defendants and to use and authorize other third parties such as digital content providers and others to use those valuable property rights.

62.     Defendants' aforementioned acts constitute unfair competition and unfair and deceptive acts or practices in violation of the New York Unfair Trade Practices law pursuant to General Business Law §349-350 and 360-L; and New York City Administrative Code § 20-700, § 20-701.

63.     Plaintiff has been damaged by the defendants' aforementioned acts and seeks a preliminary and permanent injunction against Defendants, as well as all other remedies available under New York law, including but not limited to compensatory and exemplary damages.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment against All Defendants)

64.     Plaintiff specifically realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 63 above, as if fully set forth.

65.     Upon information and belief, Defendants at all times were aware, and presently are aware, that they are expected to compensate Plaintiff for his time and services in the creation and production of each of the Infringing Works.

66.     Also, upon information and belief, Defendants at all times were aware, that they are

12

1  expected to pay royalties and mechanical licenses deriving from the Infringing Works to

2  Plaintiff.

3  67.    Upon information and belief, Defendants have at all times herein mentioned, and

4  presently, refuse to compensate Plaintiff and to pay said royalties and mechanical licenses for

5  the provided services that are due and owing.

6  68.    That by reason of the foregoing, Defendants have wrongfully accepted the benefits of

7  Plaintiff's services and talents and the outstanding royalties for said services and use of the

8  recordings, and Defendants have been, and continue to be, unjustly enriched at the detriment to

9  of Plaintiff.

10  69.    Plaintiff is at present unable to ascertain the full extent of the monetary damages

11  Plaintiff has suffered by reason of Defendants' unjust enrichment, but Plaintiff has sustained

12  significant damage in an amount to be determined and as available under the law, and that the

13  Court deems just and proper.

14                          **SEVENTH CAUSE OF ACTION**
                      **(Permanent Injunction against All Defendants)**
15

16  70.    Plaintiff specifically realleges and incorporates by reference each and every allegation

17  contained in Paragraphs 1 through 69 above, as if fully set forth.

18  71.    Defendants' conduct, as alleged above, is causing and, unless enjoined and restrained by

19  this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be

20  compensated or measured in money.

21  72.    Plaintiff has no adequate remedy at law.

22  73.    Pursuant to 17 U.S.C. §502 and under New York law, Plaintiff is entitled to a

23  permanent injunction prohibiting further infringements of Plaintiff's copyrights by Defendants

24  and each of them.

25         **WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

26  1.    For a permanent injunction preventing further infringements by Defendants;

27  2.    For damages and Defendants' profits pursuant to 17 U.S.C. §504, New York law and

28
                                        13
         COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
                          COPYRIGHT INFRINGEMENT

1 | according to proof;

2 | 3. For a complete and accurate accounting of royalties paid, due and owing related to the

3 | subject musical recordings;

4 | 4. For general damages according to proof;

5 | 5. For cost of suit and attorney's fees; and

6 | 6. For such other and further relief as the court may deem proper.

7 |

8 | Dated: October 29, 2009                    **IVIE, McNEIL & WYATT, PLC**

9 |

10 |

11 |                                           By:  **RICKEY IVIE, ESQ.**

12 |

13 |                                           **COMRIE & ASSOCIATES, PLLC**

14 |

15 |

16 |                                           By:  **SACHA A. COMRIE, ESQ. (SC 3858)**

17 |

18 |                                           **Attorneys for Plaintiff**
                                              **Thomas Marasciullo**

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

14

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR
COPYRIGHT INFRINGEMENT

# EXHIBIT "A"

# EXHIBIT A

## Like Father, Like Son by Birdman and Lil Wayne

1.  Loyalty - Skit (Track 1)
2.  Family Rules – Skit (Track 7)
3.  Protector – Skit (Track 14)
4.  Respect – Skit (Track 20)

## Birdman 5 * Stunna

1.  Intro (Track 1)
2.  Interlude – The Old Man #1 (Track 5)
3.  Interlude –The Old Man #2 (Track 11)
4.  Interlude – The Old Man #3 (Track 16)
5.  Outro (Track 19)